**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| IGNACIO CAMACHO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    No. 4:26-cv-00058-TWP-KMB |
| | ) |
| SCOTT A. MAPLES, JR., | ) |
| SAMUEL OLSON, | ) |
| TODD M. LYONS, | ) |
| KRISTI NOEM, | ) |
| PAMELA JO BONDI, | ) |
| | ) |
| Respondents. | ) |

**ORDER DENYING AS MOOT PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on a Petition for writ of Habeas Corpus filed by Petitioner Ignacio Camacho ("Camacho"), a non-citizen from Mexico. (Dkt. 1). In his petition, he asks that he be immediately released from U.S. Immigration and Customs Enforcement ("ICE") detention or, in the alternative, granted a bond hearing. *Id*. Because the undisputed facts demonstrate that the petition is now moot, Camacho's petition is **denied** and final judgment is entered.

Camacho first entered the United States without being admitted or paroled on March 20, 2007. (Dkt. 6-1 at 2_ (ERO Narrative). On April 10, 2007, he signed a stipulated order of removal, which was approved by an immigration judge on April 12. *Id.* On April 14, Camacho was removed to Mexico. *Id.* In April 2008, Camacho reentered the United States, was apprehended, and then voluntarily departed. On April 10, 2008, Camacho was apprehended again at the U.S.-Mexico border and processed for expedited removal. *Id.* The final order of removal was reinstated and he returned to Mexico on April 12, 2008. *Id.* On May 19, 2008, federal agents apprehended Camacho in Kentucky and reinstated his final order of removal. *Id.* Camacho was again returned to Mexico

1

on June 10, 2008. *Id.* In May 2013, federal immigration agents apprehended Camacho in Kentucky, reinstated his final order of removal, and returned him to Mexico on June 4. *Id.* Camacho reentered the United States without being admitted or paroled at some point later that year. Dkt. 1 ¶ 36.

Thirteen years later, on February 25, 2026, local police arrested Camacho in Jeffersonville, Indiana, for traffic violations and transferred him to ICE custody. *Id.* On February 28, the Department of Homeland Security ("DHS") issued a Notice of Intent to Reinstate Camacho's prior order of removal. *Id.* at 7. On March 2, 2026 DHS sent Camacho a Warrant of Removal and a Certification of Reinstatement of Prior Order of Removal. *Id.* at 4–6. *Id.*

On March 4, Camacho, through counsel, filed this habeas petition seeking release from DHS custody. (Dkt. 1). That same day, Camacho was transferred to Indianapolis and then to Louisiana for removal. Dkt. 6-2 ¶ 5 (Morales Decl.). On March 5, 2026, this Court issued an Order to Show Cause to the Respondents. Dkt. 4.[1] At roughly the same time, Mr. Ledo was transferred to Texas and then removed to Mexico. Dkt. 6-2 ¶¶ 6–7. The following day, on March 6, 2026 counsel for the Respondents notified Camacho's counsel about his removal. Dkt. 6 at 4. Mr. Camacho's counsel represented that she would confer with Mr. Camacho's family. *Id.*

The Respondents filed their return to the Order to Show Cause on March 12, 2026 arguing that the petition is now moot and that, in any case, Camacho was subject to mandatory detention pursuant to 8 U.S.C. § 1231 because the final order of removal was reinstated on March 2. Dkt. 6. Camacho did not reply and the deadline to do so has passed.

---

[1] The Court notes that the Order to Show Cause stated that Respondents "shall not transfer the petitioner outside the jurisdiction of the United States or transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin during the pendency of this habeas petition." *See* dkt. 4. Because Ledo Camacho was removed around the same time that the Court issued the Order to Show Cause, it does not appear that the Respondents transferred Ledo Camacho in violation of the Court's order. Furthermore, Ledo Camacho does not argue that he is entitled to relief based on violation of the order.

2

Respondents are correct. Because Camacho is no longer in custody, the petition is moot, and the Court no longer has jurisdiction over this matter. "[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). A habeas action becomes moot when a federal court's ruling will not change the length of the petitioner's custody. *White v. Indiana Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001). Once an action becomes moot, a federal court must dismiss it for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

Although a petitioner's release does not necessarily moot a habeas action, it is up to the petitioner to demonstrate that he suffers from collateral consequences following his release from custody. *See Spencer v. Kemna*, 523 U.S. 1, 7–14 (1998); *Eichwedel v. Curry*, 700 F.3d 275, 279 (7th Cir. 2012) ("Assuming for the sake of argument that such collateral consequences . . . can be shown, it is clear that, after *Spencer*, the burden is on [the petitioner] to establish those consequences."). Camacho has failed to respond. Accordingly, because Camacho is no longer in custody, his habeas petition is **DENIED as moot**. The Court **dismisses** the case **without prejudice for lack of jurisdiction**.

Final judgment shall issue by separate entry.

**IT IS SO ORDERED.**

Date: 3/23/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

3

Distribution:

Kristen Elizabeth Coffey
Sverdloff Law Group PC
kristen@sverdlofflaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov